Joe Darryl SIMMS, Appellant,

v.

STATE of Alaska, Appellee.

No. 1038.

Supreme Court of Alaska.

Jan. 30, 1970.

Thomas E. Curran, Jr., Savage, Erwin & Curran, Fairbanks, for appellant.

Gerald J. Van Hoomissen, Dist. Atty., Fairbanks, G. Kent Edwards, Atty. Gen., Juneau, for appellee.

Before DIMOND, RABINOWITZ, BONEY and CONNOR, JJ.

OPINION

DIMOND, Justice.

In the district court at Fairbanks a jury found appellant guilty of assault and battery. Appellant was sentenced to four months in jail. The conviction was affirmed by the superior court. Execution of the sentence was stayed pending appeal to this court.

Appellant says that the jury was required to deliberate in a storage room which contained two file cabinets marked "Criminal Cases Commenced", 28 volumes entitled "Case Dockets" of which 20 were marked "Criminal Docket", eight file cases of assorted miscellaneous records, 15 volumes of criminal dockets from 1950 through 1954, and assorted miscellaneous newspapers and magazines. Appellant contends that because of the presence of these items in the room where the jury deliberated, the conviction should be reversed.

Appellant acknowledges that there is no evidence per se that the criminal case dockets in the jury room prejudiced appellant's trial, and that the newspapers and magazines were not directly concerned with appellant's trial. What appellant contends is that the mere presence of the material mentioned prejudiced appellant by "creating an adverse atmosphere in which to determine his guilt or innocence."

■ In determining the innocence or guilt of an accused in a criminal case, it

is the jury's duty to consider only the evidence introduced at the trial. Where extraneous matter, not admitted in evidence and prejudicial to a defendant, has been considered by the jury, the verdict will be set aside if the defendant's substantial rights have been prejudiced and he has been deprived of a fair trial.[1]

Appellant's suggestion of prejudice by means of an "adverse atmosphere" is too tenuous a basis for concluding that his substantial rights have been prejudiced. It requires us to assume that the mere presence in the jury room of the material mentioned in some way or other influenced the jury to find appellant guilty of the crime with which he was charged. We cannot make such an assumption. From experience with human nature, it can be fairly inferred that most men and women qualified by law for jury service will be responsible to the admonitions and directions of the trial judge, and that their official duty of determining a defendant's guilt or innocence based on the evidence presented at the trial will be regularly performed.[2] Such an inference will prevail in the absence of a showing of facts giving rise to a different inference that the jury did not perform its function as it should and had given consideration to extraneous material in reaching its verdict. There was no such showing here.

In these circumstances we shall not reverse the conviction. But in the exercise of our supervisory power to formulate standards for the enforcement of criminal law in the courts of this state,[3] we express our disapproval of what was done in this case. When a jury retires for deliberation, it should have before it in the jury room only those things permitted by rule.[4] The trial judges have a particular obligation to guard against a jury being exposed to extraneous material, because of the danger that a jury might be influenced to reach its verdict by matters not presented in evidence at the trial.

The judgment of the superior court affirming the judgment of the district court is affirmed.

NESBETT, C. J., not participating.

---

1. Watson v. State, 413 P.2d 22, 24–26 (Alaska 1966).

2. *See*, e. g., United Bonding Ins. Co. v. Castle, 444 P.2d 454, 458 (Alaska 1968).

3. Watson v. State, 413 P.2d 22, 26 (Alaska 1966).

4. Crim.R. 27(f) provides:
   *Items Which May Be Taken Into the Jury Room.* Upon retiring for deliberation the jury shall take with it any exhibits, except depositions, that have been introduced into evidence which the court deems proper.